## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 17 2018, 9:29 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sparko Spearman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 17, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1084<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Helen W. Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1610-F6-039833 |

**Vaidik, Chief Judge.**

[1]     Sparko Spearman appeals her convictions for Class A misdemeanor resisting law enforcement (by fleeing) and Class A misdemeanor driving while

suspended. Spearman does not dispute that she was in a car that fled from a state trooper; she contends only that the State failed to prove that she was the driver of the car. We disagree. The State's evidence was easily sufficient to identify Spearman as the driver. Most notably, the trooper testified that Spearman exited the driver's door and told him that she did not stop because her boyfriend told her to "keep going." Tr. pp. 60, 105. Spearman does not dispute this evidence but claims that her own trial testimony—that her intoxicated boyfriend was driving and that she merely switched seats with him as the car came to a stop—is "no less credible" than the trooper's testimony. Appellant's Br. p. 10. This is merely a request for us to decide who is more believable, which is the trier of fact's role, not ours. *Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017). We therefore affirm Spearman's convictions.

[2] Affirmed.

Riley, J., and Kirsch, J, concur.